## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Seyfert Software Solutions LLP,  )
                                   )      Case No.: 19-cv-8502

        Plaintiff,  )
                                   )      Honorable Judge John Robert Blakey

        v.  )
                                   )      Magistrate Judge Sunil Harjani

Secant Healthcare LLC,  )
                                   )

        Defendant.  )

### PLAINTIFF'S MOTION TO REINSTATE CASE TO ENFORCE
### SETTLEMENT AGREEMENT AND FOR ENTRY OF JUDGMENT

Pursuant to the Settlement Agreement and Mutual Release that resulted in the 2022 Minute Order dismissing this case without prejudice [Dkt. No. 54], Plaintiff Seyfert Software Solutions LLP ("**Seyfert**," or "**Plaintiff**"), by and through its attorneys, moves this Honorable Court to reinstate this case and enter judgment of $189,150 against Defendant Secant Healthcare LLC ("**Secant**," or "**Defendant**"), as a result of Defendant's breaches of the Settlement Agreement. In support of such relief, Plaintiff apprises the Court of the following:

### THE PARTIES ENTERED INTO
### A SETTLEMENT AGREEMENT IN 2022

1.      On December 30, 2019, Plaintiff filed a complaint for breach of contract, unjust enrichment, and account stated against Defendant, requesting judgment in the amount of $392,995.48. A true and accurate copy of the complaint is attached as **Exhibit 1**.

2.      On March 3, 2020, Defendant answered and asserted counterclaims for

breach of contract and fraud. During the next two years the parties exchanged discovery.

3.     On March 25, 2022, the parties resolved their disputes and memorialized the terms in a Settlement Agreement, a true and accurate copy of which is appended hereto as **Exhibit 2** (the "**Settlement Agreement**"). Under the Settlement Agreement, Plaintiff Seyfert agreed to settle its claims against Defendant in exchange for its receipt of $300,000 and the dismissal of the counterclaims. *See* Settlement Agreement ¶ 2 ("the Parties agree that [Defendant] shall pay to [Plaintiff] the total sum of $300,000").

4.     The Settlement Agreement required Defendant to pay $2,500 upon execution, to make monthly payments of $2,500 for 84 months by the fifth day of each month beginning in April 2022 and make yearly payments of $10,000 by the end of March every year starting in 2023. *See* Settlement Agreement ¶¶ 3(a)(i)–(iii) ("$2,500 payment on execution of this Agreement"; "Monthly payments of $2,500, due on or before the fifth day of each month … beginning in April 2022 and continuing for 84 months (March 2029)"; and "Yearly payments of $10,000 due on or before the end of each twelve-month cycle … [f]irst due by the end of March 2023, then March 2024, then March 2025, then March 2026, then March 2027, then March 2028, then March 2029").

5.     The Settlement Agreement also required Defendant to wire payments to counsel's IOLTA account. *See id.* ¶ 3(b) ("Payments must be made electronically via ACH to the following: FactorLaw IOLTA Account … or via another method

mutually agreed to by the parties in writing.").

6.    Under the Agreement, "[i]t is a default if [Plaintiff] does not receive a payment that clears the account on which it is drawn on or before its respective due date." *Id.* ¶ 4(a). The Settlement Agreement allowed the Defendant to cure payment defaults within ten days of missing a payment, no more than four times in a year and ten times total. *See* Settlement Agreement ¶ 4(b) ("[Secant] may cure only four defaults in any twelve-month period, and ten defaults total. To cure a default, [Secant] must deliver the required payment to [Seyfert] within ten days of the payment's due date, and the payment must clear the account upon which it is drawn.").

7.    An "Event of Default" occurred if the Defendant did not cure a default within the ten-day cure period specified in ¶ 4(b). Additionally, if Defendant exhausted its cure rights by defaulting more than four times in a year or ten times in the aggregate, it would have no further right to cure subsequent defaults. ("if [Defendant] defaults more than four times in any twelve-month period or more than ten total times, [Defendant] forfeits its right to cure a subsequent default and, upon that default, will be under an immediate Event of Default"). *Id.* ¶ 4(b).

8.    Upon the occurrence of an Event of Default, the Plaintiff does not need to send a notice of default before bringing an enforcement action; rather, it provides that the Event of Default and related remedies occur "without demand or prior notice." *Id.* ¶ 4(c). If an Event of Default occurred under the Settlement Agreement, "the entire unpaid principal balance of the Settlement Amount accelerates and

3

becomes immediately due without demand or prior notice." *Id.* ¶ 4(c).

9.      The Agreement further provides that "[Plaintiff] is entitled to tax against [Secant] any costs incurred in enforcing an Event of Default or collecting amounts owed under this Agreement as a result of an Event of Default including its reasonable attorney fees." *Id.* In addition, the Agreement contains a separate prevailing-party fee provision: "In any action or proceeding brought to enforce any provisions of this Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees and costs in enforcing this Agreement." *Id.* ¶ 7(c).

## THE COURT RETAINED JURISDICTION TO ENFORCE THE SETTLEMENT AGREEMENT

10.      The Settlement Agreement provides that Plaintiff is entitled to file a motion to enforce the Settlement Agreement and to have a judgment entered for the unpaid portion of the $300,000 Settlement Amount if an Event of Default occurs. Specifically, upon an Event of Default, "[Plaintiff] may avail itself of any remedy provided by statute, at law, or in equity to collect on the unpaid portion of the Settlement Amount including a filing of a motion to enforce this Agreement and to have a judgment entered for the unpaid portion of the Settlement Amount." Id. ¶ 4(c).

11.      The parties stipulated in the Settlement Agreement that this Court shall retain jurisdiction to enforce the respective duties and obligations the parties outlined in the Settlement Agreement. *See Id.* ¶ 6 ("The Court shall retain jurisdiction to effectuate this Agreement and to enforce the respective duties and obligations of the Parties set forth herein.").

12.    This Court entered an order on May 12, 2022, dismissing this case without prejudice under Rule 41(a). The dismissal was to be converted to one with prejudice absent reinstatement by April 13, 2029. A true and accurate copy of the Notification of Docket Entry is attached as **Exhibit 3**.

13.    This Court therefore has subject matter jurisdiction over this enforcement action pursuant to the Court's inherent authority to enforce settlement agreements reached in cases properly before it, the Court's retention of jurisdiction, and the parties' consent to jurisdiction as set forth in ¶ 6 of the Settlement Agreement.

## PLAINTIFF IS ENTITLED TO THE ENTRY OF A JUDGMENT OF $189,150

14.    As set forth in the Declaration of William J. Factor, which is attached as **Exhibit 4**, Defendant tendered certain payments to Plaintiff's counsel's IOLTA account totaling $110,850 between March 2022 and October 2, 2025. Factor Decl. ¶ 14.

15.    However, Defendant failed to make the $10,000 yearly payment due by March 31, 2024, as required by ¶ 3(a)(iii). Factor Decl. ¶ 9. On April 5, 2024, Defendant made a partial annual payment of $1,500, leaving $8,500 unpaid. Factor Decl. ¶ 10. Defendant failed to cure this default within ten days as permitted by ¶ 4(b), and the cure period expired on April 10, 2024. As of April 10, 2024, Defendant had not exhausted its cure rights under ¶ 4(b) (having defaulted fewer than four times in the preceding twelve months and fewer than ten times total), but its failure to cure within the ten-day period triggered an Event of Default pursuant to ¶¶ 4(a)

5

and 4(c). *See id.* ¶¶ 3(a)(iii), 4(b)–(c); Factor Decl. ¶ 11.

16.     Following the Event of Default on April 10, 2024, the entire unpaid balance of $228,500 became immediately due and payable pursuant to the acceleration clause in ¶ 4(c) of the Settlement Agreement. Factor Decl. ¶ 12. Notwithstanding the acceleration, Defendant also failed to make subsequent scheduled monthly payments that would have been due by December 5, 2024; February 5, 2025; April 5, 2025; June 5, 2025; August 5, 2025; September 5, 2025; November 5, 2025; December 5, 2025; and January 5, 2026, as well as the yearly payment due March 31, 2025, all of which were required under the payment schedule set forth in ¶ 3(a). Factor Decl. ¶ 13. These subsequent defaults further evidence Defendant's material breach nder the Settlement Agreement.

17.     Although the Settlement Agreement does not require notice before enforcing an Event of Default (see Settlement Agreement ¶ 4(c) stating remedies occur "without demand or prior notice"), Plaintiff nevertheless sent a letter to Defendant on May 30, 2025, requesting the payments that were outstanding at that time and providing Defendant with an opportunity to cure its defaults. A true and accurate copy of that letter is attached as **Exhibit 5**. Defendant failed to respond to this letter or tender any payments following receipt of this notice, demonstrating its unwillingness or inability to perform under the Settlement Agreement.

18.     In total, Defendant has paid $110,850 out of the $300,000 Settlement Amount that became due immediately upon the Event of Default pursuant to the acceleration provision in ¶4(c). *See* Settlement Agreement ¶¶ 2, 4(c) ("the entire

unpaid principal balance of the Settlement Amount accelerates and becomes immediately due without demand or prior notice"); Factor Decl. ¶ 14.

19.     Under the Settlement Agreement, Defendant owes the remaining $189,150 in addition to all costs of enforcing the Event of Default including reasonable attorney fees and other recoverable costs as set forth in ¶¶ 4(c) and 7(c). Id. ¶¶ 4(c), 7(c).

WHEREFORE, Plaintiff prays that this case be reinstated and that a judgment be entered against the Defendant, Secant Healthcare LLC, in the amount of $189,150.

Dated: February 9, 2026

Respectfully submitted,
Seyfert Software Solutions LLP,

By: _____
One of their attorneys

William Factor (6205675)
FactorLaw
105 W. Madison, Suite 2300
Chicago, IL 60602
Phone: 312-878-6146
wfactor@wfactorlaw.com